IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON BLAKE, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 09-555-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 06-30146-01-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Byron Blake's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Mr. Blake's motion is based on claims of ineffective assistance of trial and appellate counsel. Generally, Mr. Blake contends that he was denied effective assistance of counsel due to a conflict of interest and that he was denied a speedy trial. The Government responded to Mr. Blake's motion as ordered by this Court, and Mr. Blake filed a reply and supplemental reply. For the reasons set forth below, Mr. Blake's § 2255 motion is denied.

### BACKGROUND

In October 2006, Mr. Blake and co-defendant Ryan C. Ivory were indicted for conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine; they were arraigned on October 30, 2006, and a jury trial was set for January 9, 2007. At that time, the Court appointed the federal public defender to represent Mr. Blake for the arraignment only because Mr. Blake advised the Court that private counsel would be retained. The federal public defender was appointed to represent Ryan Ivory for all purposes. That same day, attorneys Frank R. Fabbri III

and Nick A. Zotos entered their appearances on behalf of Mr. Blake.

Temporary custody transfer orders entered as to each defendant reflect that Ryan Ivory proffered on November 2, 2006, and Mr. Blake proffered on November 8, 2006. On December 15, 2006, Mr. Blake, through Attorney Fabbri, filed a motion to continue the trial date because he needed additional time to conference with Mr. Blake and investigate the alleged offenses. During the December 18, 2006, final pretrial conference, Mr. Blake addressed the Court directly to express his desire to go to trial on January 9, the original trial date – effectively withdrawing the motion to continue.

On December 19, 2006, the Government filed an enhancement under 21 U.S.C. § 851(a) charging a prior controlled substance offense for which Mr. Blake had been convicted.

On December 20, 2006, the Government filed a motion to substitute Government counsel and a sealed motion asking the Court to conduct a hearing to determine whether an actual or potential conflict of interest existed in Attorney Fabbri's representation of Mr. Blake because Attorney Fabbri was under federal investigation for conduct unrelated to Mr. Blake's case. The next day, the Court granted the Government's motion to substitute counsel and set the sealed motion for hearing on December 28. The Court then appointed attorney Steven V. Stenger to represent Mr. Blake for the sealed motion hearing only.[1] During the sealed motion hearing on December 28,

---

[1] In February 2006, the undersigned district judge held a hearing on a similar motion filed in an unrelated criminal case because of a possible criminal investigation involving Attorney Fabbri, who represented one of the defendants. The Court appointed Attorney Stenger to represent the defendant in that case for purposes of that hearing only. Ultimately, that defendant chose to proceed with Attorney Fabbri's representation. *See generally United States v. Gonzalez-Torres*, criminal case number 05-30086-19-GPM. This Court heard nothing more of the investigation of Frank Fabbri until the sealed motion was filed in Mr. Blake's case on December 20, 2006. Because Attorney Stenger was familiar with the potential conflict presented by the investigation of Attorney Fabbri, he was specially appointed in this case. (*See generally* Crim. Case No. 06-30146-GPM,

Attorney Fabbri moved to withdraw as counsel, and the law firm of Fabbri & Zotos was granted leave to withdraw. On Mr. Blake's request, the Court appointed Attorney Stenger to represent Mr. Blake for all purposes. Attorney Stenger advised the Court that he would be filing a written motion for bond pending trial, and a hearing on the anticipated motion was set for January 9, 2007 – the original trial date – and the trial date was removed from the calendar.

Also on December 28, Ryan Ivory entered a plea of guilty before the magistrate judge.

Mr. Blake, through Attorney Stenger, filed his motion to reconsider the detention order and request for bond on January 8, 2007; the hearing was held on January 9 as scheduled. The Court granted Attorney Stenger's request for additional time to investigate new information that modified the earlier pretrial services report relating to a prior conviction and, consequently, took the motion for bond under advisement. During the hearing, Attorney Stenger read a letter authored by Mr. Blake complaining of the conflict of interest that existed between the original Government attorney assigned to the case, Ranley Killian, and his prior attorney, Frank Fabbri. The letter addressed the fact that Attorney Killian likely would be a witness in any criminal prosecution against Frank Fabbri and that none of these matters was disclosed to Mr. Blake until after the final pretrial conference and well after Mr. Blake proffered, on Attorney Fabbri's advice. Also during the hearing, the Court set Mr. Blake's jury trial to begin April 17, 2007. The Government inquired whether the Court's continuance of the trial date after allowing Attorney Fabbri to withdraw was based upon a finding that the ends of justice in granting the continuance outweighed Mr. Blake's and the public's interest in a speedy trial, such that the resulting delay would be excluded from the Speedy Trial Act calculation. The Court responded:

---

Doc. 169 at 6:17 through 8:18).

> I'm not stating anything that everyone doesn't fully realize: There is a problem in this case. I don't know how it ultimately is resolved, but there is a problem. And I just don't know how the Court of Appeals will look at it, and I don't think there is anything that I could say now that would change that. … .
> You saw the whole thing. And Fabbri said he wanted a continuance. His client jumped up and said he does not want a continuance and go to trial, and the next day I get a motion for the government to disqualify Mr. Fabbri because he had a conflict of interest.
>
> So I'm not being – I'm not at this time taking a position on what the legal ramifications of all that are. But this just isn't a simple matter where the judge comes in and makes the usual findings at the request of one party that it's in the interest of justice that the case be continued. I had gone – as a matter of fact, I made some effort to accommodate the defendant's request for a trial. And once Fabbri, once he was disqualified, I mean, he didn't even contest the government's position. There is no way that I could ask another lawyer then to come in and do the case.
>
> Now I'll say no more than this, which I have already said before: Apparently everyone was aware of this situation, but it was only when the defendant jumped up and said he wanted to go to trial in ten days that the motion comes. And the problem I have, there was another case I went through the same thing ten months ago and I just assumed that the matter had resolved itself one way or the other.
>
> But it is what it is and I'll – as the case develops and the motions are made I'll take it up. But I'm not going to try at this time to back up and change anything.
> …
> I think the interesting thing about this case is that it was the government that moved to disqualify Fabbri. … How all that shakes out we'll just have to see. And I'm not prejudging anything. I really don't know the answer to these questions.

(Crim. Case No. 06-30146-GPM, Doc. 57 at 46:2 through 48:15). Attorney Stenger filed supplemental papers pertaining to the updated pretrial services report on January 10, 2007, and the Government filed a response on January 11. On January 23, the Court denied Mr. Blake's motion for reconsideration of the magistrate judge's denial of bond and ordered that Mr. Blake remain detained pending trial.

On February 13, 2007, the Government filed a sealed motion asking the Court to either make a finding that the ends of justice served by the continuance granted on December 28, 2006, outweighed the interest of the public and the defendant in a speedy trial or reset Mr. Blake's trial to a date on or before March 12, 2007. The Court conducted a hearing on the motion on February

26, 2007, during which Mr. Blake waived his right to a jury trial and agreed with Attorney Stenger's intention to file pretrial motions. Mr. Blake again submitted a letter to the Court to express his displeasure with how his case proceeded while he was represented by Attorney Fabbri. The Court scheduled a hearing on for March 5, 2007, on the anticipated defense motions and reset the case for bench trial to begin on March 23, 2007. In light of the March 23 setting, the Court denied as moot the Government's motion for a speedy trial determination.

On February 28, 2007, Mr. Blake, through Attorney Stenger, filed two discovery motions and two motions to suppress evidence. On March 1, 2007, Mr. Blake, again through Attorney Stenger, filed a sealed motion to dismiss the indictment for violation of Mr. Blake's constitutional rights or, alternatively, to suppress certain evidence. During the March 5 hearing, the Court, with the assistance of counsel, reviewed the events leading up to Attorney Fabbri's withdrawal. The Government acquiesced in the defense's request to bar the use of Mr. Blake's proffer for all purposes. The Court declined, however, to bar the use of Ryan Ivory's testimony because the defense's theory – that Ryan Ivory would not have cooperated but for the fact that Mr. Blake proffered on Attorney Fabbri's compromised advice – was speculative, at best. The Court also declined to bar any statements that Mr. Blake may have made before Attorney Fabbri entered his appearance in the case. The Court denied the request to dismiss the indictment but, as described, barred any use of Mr. Blake's proffer. The Court took under advisement the motion to suppress electronic surveillance pending the defense's submission of additional materials. Mr. Blake again requested that Attorney Stenger read into the record a letter authored by Mr. Blake complaining about the conduct of two government agents and Assistant United States Attorney Killian.

On March 20, 2007, Attorney Stenger filed a motion to continue the trial setting based upon

the voluminous discovery and an anticipated superseding indictment; at that time, Mr. Blake concurred in the request for continuance.[2] The Court set the motion for hearing on March 23rd to be heard before the bench trial commenced. On March 21, 2007, a superseding indictment was filed charging Mr. Blake with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine (Count 1), distribution of 50 grams or more or crack cocaine (Count 2), and distribution of cocaine (Count 3). The Government also filed an enhancement under 21 U.S.C. § 851 charging a prior controlled substance offense for which Mr. Blake had been convicted. During the March 23 hearing on the motion to continue, Mr. Blake withdrew his concurrence in the requested continuance and waived the 30-day requirement under the Speedy Trial Act to prepare for trial on the new charges contained in the superseding indictment. The Court recessed the hearing so that Mr. Blake could be arraigned before the magistrate judge on the superseding indictment. The Court resumed the proceedings to hear opening statements, but Mr. Blake then withdrew his waiver of his right to a jury trial that was executed before the superseding indictment was filed and demanded a jury trial on all counts contained in the superseding indictment. The Court set the matter for jury trial to begin on Tuesday, March 27.[3]

The jury trial proceeded as scheduled, and during the trial on March 29, the Court issued an order denying the motion to suppress electronic surveillance that it had taken under advisement on March 5 pending the defense's submission of additional materials because no such materials were

---

[2]Since the December 18, 2006, final pretrial conference, Mr. Blake has denied that Attorney Fabbri filed the motion to continue with Mr. Blake's consent.

[3]The Minutes of the March 23, 2007, hearing reflect simply that the motion to continue was denied, that Mr. Blake withdrew his waiver of jury trial, and that the jury trial was set for March 27, 2007. To enable a complete review of the proceedings, this Court ordered the court reporter to prepare a transcript of the March 23 proceedings. It now has been filed in the criminal case.

submitted. On March 29, 2007, the jury found Mr. Blake guilty on all counts and returned special verdicts on Counts 1 and 2 finding that each charge involved 50 grams or more of crack cocaine.

Ryan Ivory, who testified on Day 2 of Mr. Blake's trial, was sentenced to 168 months imprisonment on April 23, 2007. In May 2007, attorneys Patrick W. Blegen and Thomas C. Brandstrader entered their appearances on behalf of Mr. Blake, and Attorney Stenger was allowed to withdraw.

On July 16, 2007, the Court sentenced Mr. Blake to 420 months imprisonment on Counts 1 and 2 and 360 months imprisonment on Count 3, all terms to run concurrently. During the sentencing hearing, the Court overruled Mr. Blake's objections to the presentence investigation report, rejecting his arguments that (1) no scientific evidence proved that the cocaine base involved was "crack" cocaine; (2) the 4-level leader/organizer enhancement should not apply; (3) he did not attempt to obstruct justice; and (4) his criminal history should not reflect that he committed the instant offense while he was on probation; rather, the two offenses were related such that the prior offense should be counted as relevant conduct. Nonetheless, the Court sentenced Mr. Blake to a below-guideline sentence on Counts 1 and 2, finding that a sentence of 420 months was sufficient but not greater than necessary to achieve the objectives of punishment, deterrence, and protection of the public.[4] Mr. Blake's conviction and sentence were affirmed on direct appeal. *United States v. Blake*, 286 Fed. Appx. 337 (7th Cir. 2008). Attorneys Blegen and Brandstrader represented Mr. Blake on appeal.

While Mr. Blake was awaiting sentencing, on May 30, 2007 (the day after Mr. Blake was

---

[4]The applicable guideline range for Counts 1 and 2 was life imprisonment; Count 3 carried a statutory maximum of 360 months imprisonment.

found guilty), Attorney Fabbri was charged by information in this district and pleaded guilty to failure to file a currency transaction report. *See United States v. Fabbri*, Case No. 07-cr-30072-WDS (S.D. Ill. filed May 30, 2007). Frank Fabbri was sentenced on October 9, 2007, to 18 months imprisonment, 2 years of supervised release, a $100 special assessment, a $40,000 fine, and $36,000 in restitution. He has completed his term of imprisonment, and supervision was terminated on October 25, 2010.

Acting *pro se*, Mr. Blake timely requested relief under § 2255. Mr. Blake raises four grounds to support his ineffective assistance of counsel claims: (1) Attorney Fabbri was ineffective because of a conflict of interest; (2) Attorney Stenger was ineffective in failing to seek interlocutory certification of the Court's speedy trial calculation under 28 U.S.C. § 1292(b); (3) Attorney Stenger was ineffective in failing to move for dismissal under the Speedy Trial Act; and (4) Attorneys Blegen and Brandstrader were ineffective in failing to raise on appeal the argument that Mr. Blake's Sixth Amendment right to chosen counsel was violated when the Court allowed his chosen trial counsel, Frank Fabbri, to withdraw.

## DISCUSSION

### A. Legal Standard

A hearing is not always required on § 2255 motions. "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then a hearing is not required. *Id.*, *quoting* 28 U.S.C. § 2255; *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001); *Daniels v. United States*, 54 F.3d 290,

293 (7th Cir. 1995). For an evidentiary hearing to be granted, the Seventh Circuit requires that a motion made pursuant to § 2255 "include an affidavit setting forth the specific basis for relief." *Kafo,* 467 F.3d at 1067. The affidavit is a threshold requirement; "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the motion and accompanying affidavit must go beyond merely unsupported assertions; "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). Although Mr. Blake requests a hearing in his motion, he has not submitted the requisite affidavit to support the hearing request. Therefore, the Court will resolve the motion without a hearing.

The Court must grant a motion under 28 U.S.C. § 2255 when a prisoner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt*, 83 F.3d at 816, *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Relief under section 2255 is available only if an "error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (internal quotation omitted). Motions under section 2255 are subject to various bars, including that of procedural default. "A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotation omitted). Thus, a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal *unless* (a) the petitioner demonstrates both cause for the procedural default as well as actual prejudice from the failure to appeal or (b) the court's failure to consider the

issue would amount to a fundamental miscarriage of justice. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994); *McCleese*, 75 F.3d at 1177; *see also Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Importantly, a claim of ineffective assistance of trial counsel may properly be raised in a section 2255 motion regardless of whether the defendant raised the issue on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002). Therefore, the claims that Mr. Blake did not raise on direct appeal and now are couched as ineffective assistance of counsel are not procedurally defaulted.

To establish ineffective assistance of counsel, Mr. Blake bears a heavy burden. He must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Id.*, *quoting Strickland*, 466 U.S. at 688. When a court evaluates an attorney's performance, the review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Put another way, "[d]efense counsel is 'strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.'" *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004), *quoting United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002). To show deficient performance, Mr. Blake must demonstrate "errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Holman*, 314 F.3d at 839, *quoting Strickland*, 466 U.S. at 687.

In general, prejudice is established by showing that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004), *quoting Strickland*, 466 U.S. at 694. Moreover, a claim of ineffective assistance of counsel must be supported by objective evidence, not merely by a movant's own self-serving testimony. *See Cooper*, 378 F.3d at 641-42; *McCleese*, 75 F.3d at 1179; *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). With this standard in mind, the Court turns to consideration of Mr. Blake's arguments.

### B. Ineffective Assistance Based Upon Attorney Fabbri's Conflict of Interest

Mr. Blake asserts his claim that Attorney Fabbri was ineffective due to a conflict of interest in two ways. First, he claims, under *Strickland*, 466 U.S. 668, that Attorney Fabbri had a potential conflict of interest and that the potential conflict prejudiced Mr. Blake's defense. *See generally Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). Alternatively, he claims, under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), that Attorney Fabbri had an actual conflict of interest that adversely affected his performance. *See Hall*, 371 F.3d at 973. To show an adverse effect, Mr. Blake must show "that there is a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest." *Id*. at 974. It is "significantly easier" for a petitioner to demonstrate "adverse effect" under *Sullivan* than "prejudice" under *Strickland* because prejudice is presumed if the petitioner can establish "both that his counsel had an actual conflict and that the conflict had an adverse effect on counsel's performance." *Id*. at 973.

Whether an actual or potential conflict of interest existed is beside the point for purposes of this analysis. Mr. Blake cannot show that any conflict prejudiced Mr. Blake's defense or adversely affected Mr. Fabbri's performance. Mr. Blake contends that Attorney Fabbri advised him to proffer

and sought a continuance in the case to "curry favor" with the Government. He seems to suggest that the delay caused by Attorney Fabbri's withdrawal less than two weeks before trial was set to begin violated his right to a speedy trial on the original indictment because the delay resulted in a superseding indictment being filed and Ryan Ivory's cooperation with the Government. It is unfortunate that Attorney Fabbri did not disclose his own criminal investigation to his client. But nothing that Attorney Fabbri did or did not do affected the outcome in this case. He advised Mr. Blake to proffer; the Court barred use of the proffer. Mr. Blake's argument that Ryan Ivory proffered because Mr. Blake proffered is unfounded. Ryan Ivory proffered before Mr. Blake proffered, and he entered a guilty plea before Mr. Blake's original January 9, 2007, trial date. Therefore, any delay occasioned by a potential or actual conflict of interest and consequent withdrawal by Attorney Fabbri did not contribute to Ryan Ivory's cooperation with the Government.

The Court need not conduct a detailed analysis of Mr. Blake's argument that a superseding indictment would not have been filed had his trial proceeded as originally scheduled. Both the original and superseding indictments charged Mr. Blake with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine. Mr. Blake was sentenced to 420 months imprisonment on that charge. The Court rejects the argument that the addition of Counts 2 and 3 violated any constitutional right. Interestingly, Mr. Blake's supporting papers, by borrowing the Court of Appeals' recitation of the facts, concede that "[a]t trial the government presented overwhelming evidence against Blake" (Doc. 1, p. 4).

Finally, this Court properly inquired into the conflict issue once it was raised by the Government. Mr. Blake's conflict of interest argument fails because, while the events are disconcerting, there was no adverse effect or prejudice resulting from any conflict.

### C. Ineffective Assistance of Attorney Stenger

Mr. Blake argues that Attorney Stenger was ineffective in failing to seek an interlocutory appeal under 28 U.S.C. § 1292(b). Mr. Blake mischaracterizes the Court's statements during the December 28, 2006, and January 9, 2007, hearings as uncertainty whether certain events would toll the speedy trial calculation. In fact, the Court ultimately refused to make an "ends of justice" finding under 18 U.S.C. § 3161(h)(7)(A) when it continued the trial date from January 9. Nothing the Court did or said affected the otherwise excludable periods of delay resulting from pretrial motions being filed. There was no basis for Attorney Stenger to request an interlocutory appeal; therefore, his failure to do so did not constitute ineffective assistance. *See generally United States v. Montoya*, 827 F.2d 143, 147 n.2 (7th Cir. 1987) (citing cases that "have unanimously held that there is no right to an interlocutory appeal of a motion to dismiss an indictment under the Speedy Trial Act").

Mr. Blake also argues that Attorney Stenger was ineffective in failing to seek dismissal for violation of the Speedy Trial Act. As stated above, and contrary to Mr. Blake's assertions, this Court did not make an "ends of justice" finding under § 3161(h)(7)(A). However, under § 3161(h)(1)(D) and (H), the delays occasioned by the various pretrial motions were excludable for purposes of calculating the seventy day time period that assures a speedy trial under § 3161(a). At the time Attorney Stenger represented Mr. Blake, the United States Supreme Court had not decided *Bloate v. United States*, 130 S. Ct. 1345 (2010). At that time, it was well-settled within the Seventh Circuit that the time allowed for defendants to prepare and file pretrial motions was *automatically* excludable. *See Montoya*, 827 F.2d at 153. In light of the status of the law, and the fact that various pretrial motions had tolled the time limit, there was no basis to assert a Speedy Trial Act violation.

Attorney Stenger was not ineffective in failing to seek dismissal on unwarranted grounds.

### C. Ineffective Assistance of Attorneys Blegen and Brandstrader

Mr. Blake argues that Attorneys Blegen and Brandstrader were ineffective in failing to raise on appeal the argument that Mr. Blake's Sixth Amendment right to chosen counsel was violated when the Court allowed his chosen trial counsel, Frank Fabbri, to withdraw. He challenges the Court's decision to allow Attorney Fabbri to withdraw without (1) affording Mr. Blake the opportunity to waive any conflict of interest and/or (2) determining whether disqualification was warranted.

Not only is this argument nonsensical in light of Mr. Blake's contemporaneous contention that Attorney Fabbri was ineffective based upon a conflict of interest, it is wrong. During the sealed hearing on December 28, 2006, the Court asked Mr. Blake: "Do you want [Frank Fabbri] to be your lawyer or not? That's what it amounts to." Mr. Blake responded: "I don't see no reason why he should. I feel like he is in the same situation I'm in." (Crim. Case No. 06-30146-GPM, Doc. 55 at 10:20-23). Mr. Blake was fully informed of the consequences of the proceedings, and, when given the opportunity to waive the conflict of interest, he declined to do so. Therefore, Attorney Fabbri's withdrawal was proper, and appellate counsel was not ineffective by failing to challenge it.

The Court went to great lengths to ensure that Mr. Blake received a fair trial. *See generally United States v. Rasmussen*, 881 F.2d 395, 401 (7th Cir. 1989) ("even when a person has the right to counsel whom he has chosen and retained, this right is not absolute, but qualified, and must be balanced against the requirements of the fair and proper administration of justice"). Mr. Blake is understandably upset with the situation and blames the Government for his troubles. He is understandably upset because he is imprisoned for thirty-five years – not because he was denied a

fair trial. Had he to do over again, he likely would take his chosen counsel's advice and plead guilty before his co-defendant, Ryan Ivory, pleaded guilty. Instead, he chose to put the Government to its burden of proving his guilt beyond a reasonable doubt. Once he demanded a trial, the Government did what it does in prosecuting cases – it utilized multiple weapons in its discretionary arsenal, including pursuing a superseding indictment with a sentencing enhancement. Attorney Fabbri was fully aware of his situation but did not think, until the Government raised the issue, that his situation would influence the representation of his client. Upon reflection, he decided that the appearance of impropriety required him to withdraw. He maintained, though, that he did not believe that Mr. Blake's defense had been jeopardized. (*See* Crim. Case No. 06-30146-GPM, Doc. 55). Having carefully reviewed the criminal proceedings and all of Mr. Blake's arguments, the Court finds that § 2255 relief is not warranted.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 09/26/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge